```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

| | |
|---|---|
| LAURIE LITTLEFIELD            :<br>                              :<br>       Plaintiff,            :<br>                              :<br>       v.                    :     Case No. 2:10-cv-07<br>                              :<br>CONCORD GENERAL MUTUAL INSURANCE :<br>CO. and PROGRESSIVE SPECIALTY  :<br>INSURANCE COMPANY,             :<br>                              :<br>       Defendants.           : | |

### MEMORANDUM and ORDER

Following the Court's dismissal without prejudice of her bad-faith insurance claims, Plaintiff Laurie Littlefield has moved to amend her amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  Defendant Concord General Mutual Insurance Company ("Concord") opposes the amendment on the ground of futility.  Defendant Progressive Specialty Insurance Company ("Progressive") has moved to dismiss the second amended complaint.  For the reasons that follow, Littlefield's motion (ECF No. 48) is **granted in part and denied in part**; Progressive's motion (ECF No. 54) is **granted in part and denied in part**.

### I. Background

Littlefield brought a diversity action alleging breach of contract and bad faith against Concord and Progressive. Following a hearing on July 6, 2010, the Court granted Concord's motion to dismiss the bad faith claim and afforded Littlefield thirty days to move to amend her amended complaint.

Littlefield's proposed Second Amended Complaint ("SAC") was served August 6 and filed August 9, 2010. Neither defendant objected to the untimeliness of the filing.

In her proposed SAC, Littlefield alleges that she sustained serious injuries to her cervical spine as a result of an automobile accident that occurred in August 2006. Littlefield was driving her mother's automobile when she was struck by another vehicle, driven by Ian Bessette. Bessette's vehicle was covered under an insurance policy issued by Allstate Insurance Co. ("Allstate"), which provided limits of $100,000.00 per person for bodily injury liability coverage. At the time of the accident, Littlefield was insured under an automobile insurance policy issued to her and her husband by Concord, which provided $300,000.00 per person in uninsured ("UM") and underinsured ("UIM") motorist benefits. Littlefield's mother, Pamela Maple, and her vehicle were covered under an insurance policy issued by Progressive, which provided for $100,000.00 in UM and UIM benefits.

Allstate acknowledged that Bessette was liable for the accident, and tendered the policy limits to Littlefield, which she accepted. Littlefield's medical bills and other damages exceeded Bessette's policy limits, and she sought UIM benefits under the Concord and Progressive policies in a letter dated August 17, 2009. As of that date, her total damages exceeded

$269,000.00.  Littlefield also supplied Concord and Progressive with a report from her treating neurosurgeon stating that the collision caused her injuries.

According to the SAC, Concord replied that it needed more time to respond to the request.  And in a letter dated January 12, 2010, Concord stated that it would not respond to Littlefield's demand "due to causation issues as to Ms. Littlefield's injury."  SAC ¶ 49.  The SAC does not indicate whether Littlefield responded to Concord's letter, or attempted in any way to address Concord's "causation issues."  Littlefield filed suit the following day for breach of contract and bad faith.  She alleged that Concord's letter was a denial of payment, and that as of that date, Concord had no reports that challenged her physician's conclusion that her injuries were caused by the collision.

Progressive did not respond to the August 17, 2009, letter.

The SAC alleges breach of contract and insurance bad faith against Concord and Progressive.  Concord opposes the amendment to the extent that it would reinstate a claim of bad faith against Concord.  Progressive seeks dismissal of all claims against it.

**II. Discussion**

    **A.   The Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) permits a party to

amend its pleading with leave of court, and leave should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  A district court may deny a motion to amend a complaint, however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

In its opposition to the motion to amend, filed September 7, 2010,[1] Concord argues that Littlefield's proposed SAC fails to state a claim against it for bad faith, and therefore to allow amendment would be futile.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Littlefield contends that she will survive a motion to dismiss for failure to state a claim unless Concord shows that she can prove no set of facts in support of her amended claims, language that has been widely quoted since it first appeared in the United States Supreme Court opinion *Conley v. Gibson* in 1957.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] Ironically, given that Littlefield untimely served and filed her motion to amend, she has objected to the untimely filing of Concord's opposition.  Concord's opposition was filed within thirty days of Littlefield's filing, as contemplated by the Court's July 6, 2010 ruling.

In 2007, the Supreme Court declared that "this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard:  once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.  In keeping with *Twombly* and *Iqbal*, in order to survive a motion to dismiss, Littlefield must state "a plausible claim for relief," with the factual allegations, but not necessarily the legal conclusions, accepted as true.  *Iqbal*, 129 S. Ct. at 1949-50.

Under Vermont law, a plaintiff alleging a first-party claim against an insurance company for bad faith failure to pay a claim "must show that (1)the insurance company had no reasonable basis to deny benefits of the policy, and (2) the company knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim."  *Bushey v. Allstate Ins. Co.*, 670 A.2d 807, 809 (Vt. 1995).  "An insurance company may challenge claims that are 'fairly debatable' and 'will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis.'"  *Id.*, quoting *Booska v. Hubbard Ins. Agency, Inc.*, 627 A.2d 333, 336 (Vt. 1993); *accord Benson v. MVP Health Plan, Inc.*, 2009 VT 57, ¶ 5, 978 A. 2d 33, 35 ("[A] cause of action against an insurance company for bad faith accrues when the company errs, unreasonably, in denying

coverage.").

According to the proposed SAC, Concord denied Littlefield's request to pay UIM benefits because of "causation issues." SAC ¶ 49. Concord did not explain. Littlefield did not seek an explanation, nor did she demonstrate to Concord that its "causation issues" were groundless. She filed suit the next day. She asserts that Concord lacked reasonable grounds to deny the claim, that it knew or recklessly disregarded that it lacked reasonable grounds to deny the claim, that it failed to conduct a fair, adequate and proper investigation of her claim, or to give a timely response to her demand, and that it unreasonably delayed resolution of her claim. These, however, are not facts, but conclusions. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 s. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

The factual allegations of Littlefield's proposed SAC fail to amount to a plausible claim for bad faith against Concord. Littlefield demanded the limits of Concord's policy, and Concord gave Littlefield notice that the cause of her injuries was at issue. There are no facts, merely an absence of facts, to support the notion that Concord lacked a reasonable basis to deny the claim. Nor does Littlefield supply facts to support her contentions of unreasonable delay or intentional and unreasonable

failure to process her claim.  Littlefield alleges that she made a demand on August 17, 2009, and that Concord's January 12, 2010 letter was a denial.  She filed suit on January 13, 2010.  The facts alleged in the SAC, if taken as true, fail to demonstrate that Concord ignored Littlefield's claim, or unreasonably delayed in processing it, or lacked a reasonable basis to deny coverage.

Concord may be liable to Littlefield for breach of contract stemming from its decision to deny her claim; on these facts she fails to state a claim for insurance bad faith that is plausible on its face.

Littlefield's motion to amend is therefore **granted in part as unopposed and denied in part**; the amendments directed at the claims against Progressive are granted, as are the amendments directed at the breach of contract claim against Concord.  The amendments directed at the bad faith claim against Concord are denied.

B.   The Motion to Dismiss

Progressive did not oppose Littlefield's motion to amend. The SAC asserts claims of breach of contract and insurance bad faith against Progressive.  Progressive moves to dismiss the breach of contract and insurance bad faith claims against it. Although Littlefield argues that Progressive's motion is premature, because the Court had not yet ruled on her motion to amend, she has also responded substantively to Progressive's

arguments.  Rather than deny the motion as premature and await its refiling once the SAC is docketed, the Court will address the substance of Progressive's motion.

Progressive takes issue with a phrase in ¶ 73 of the SAC which it contends can be read to mean that Littlefield does not have a cause of action for breach of contract until the court determines that she is legally entitled to recover from Progressive.  Rule 8(a)(2) simply requires a complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1940 (quoting *Twombly*, 550 U.S. at 570).  Littlefield has adequately pled sufficient factual matter to state a plausible claim against Progressive for failure to pay UIM benefits; Progressive's argument, unsupported by any citation, merits no further discussion.

Progressive also seeks dismissal of Littlefield's bad faith claim.  In support of its argument it claims that Littlefield failed to provide Progressive with a complete medical record, that it hasn't denied coverage, and hasn't denied coverage unreasonably.

When assessing the legal sufficiency of a complaint, the Court will not take into account facts asserted outside the complaint.  *See Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) ("[A] district court errs when it considers

affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." (quotation marks and citations omitted)); *see also Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) ("[B]efore materials outside the record may become the basis for a dismissal, . . . it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document . . . [and] that there exist no material disputed issues of fact regarding the relevance of the document."). Nevertheless, as discussed above, Littlefield has failed to state sufficient facts to state a plausible claim for first-party bad faith failure to pay an insurance claim. *See Iqbal*, 129 S. Ct. at 1940; *Bushey*, 670 A.2d at 809. According to the facts alleged in the SAC, Progressive failed to respond to a letter from Littlefield's attorney demanding the policy limits. After five months, she filed suit. These facts fail to amount to a plausible claim of bad faith against Progressive.

Accordingly, Littlefield's bad faith claim against Progressive (Count IV of the SAC) is dismissed.

Finally, Progressive seeks dismissal of a claim that it breached an implied covenant of good faith and fair dealing. Littlefield's SAC does not make such a claim; consequently Progressive's request to dismiss the claim is denied as moot.

For the reasons stated above, Littlefield's motion to amend

is granted in part and denied in part.  Progressive's motion to dismiss is granted in part and denied in part.  The bad faith claims against both defendants, having failed to allege sufficient facts to state claims for relief that are facially plausible, are dismissed.

    Dated at Burlington, Vermont this 22nd day of December, 2010.

                                 <u>/s/ William K. Sessions III</u>
                                 William K. Sessions III
                                 U.S. District Judge